**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

PATRICIA GIBSON                                                                                    PLAINTIFF

v.                                       No. 3:15-CV-00128-JTR

CAROLYN W. COLVIN,
Acting Commissioner,
Social Security Administration                                                         DEFENDANT

## ORDER REMANDING TO THE COMMISSIONER

Patricia Gibson applied for social security disability benefits with an alleged onset date of October 25, 2011. (R. at 180). After a hearing, the administrative law judge (ALJ) denied Gibson's applications, and the Appeals Council declined review. (R. at 1). The ALJ's decision stands as the final decision of the Commissioner, and Gibson has requested judicial review. The parties have consented to the jurisdiction of the Magistrate Judge.

For the reasons stated below, this Court reverses and remands the Commissioner's decision.

**I.      The Commissioner's Decision**

The ALJ found that Gibson had the severe impairments of status post total right knee replacement, obstructive sleep apnea, lumbar spine radiculopathy, and degenerative disk disease of the cervical spine. (R. at 62). The ALJ then found that Gibson had the residual functional capacity (RFC) to perform light work, except

that she could not climb ladders, ropes, scaffolds, nor be exposed to unprotected heights, and could reach overhead frequently and perform all remaining postural functions frequently. (R. at 63). The ALJ took testimony from a vocational expert (VE) and found that Gibson could return to her past relevant work as a cashier. (R. at 67). As such, the ALJ found that Gibson was not disabled. (R. at 67).

## II. Discussion

Gibson argues that the ALJ erred in failing to identify her carpal tunnel syndrome as a severe impairment and that the record does not support the RFC assigned by the ALJ.

This Court will uphold the Commissioner's decision if it is not based on legal error and is supported by substantial evidence on the record as a whole. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997). "Substantial evidence" is more than a scintilla, but less than a preponderance. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009). It is evidence that a reasonable mind would find sufficient to support the ALJ's decision. *Id.* "Substantial evidence on the record as a whole" also requires the Court to consider evidence in the record that fairly detracts from the weight of evidence supporting the Commissioner's decision. *Wilcutts v. Apfel*, 143 F.3d 1134, 1136 (8th Cir. 1998).

### a. Carpal Tunnel Syndrome as a Severe Impairment

2

Gibson first argues that the ALJ failed to find her carpal tunnel syndrome to be a severe impairment. It is unnecessary to answer this question, as the ALJ found severe impairments and proceeded to further steps in the evaluative process. When determining a claimant's RFC, the ALJ must consider all impairments, even those that are not severe. *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987); 20 C.F.R §§ 404.1545(e), 416.945(e). Any error committed by the ALJ in failing to identify carpal tunnel syndrome as a severe impairment is therefore harmless.

### b. The Residual Functional Capacity Determination

Gibson also asserts that the ALJ erred in determining her residual functional capacity. She argues that the ALJ erred in finding her testimony not credible. She further contends that the evidence does not show that she has the ability to stand for the time required for light work, that the ALJ should have included limitations based on carpal tunnel syndrome, and that the ALJ improperly based the RFC on non-treating physician opinions.

"[T]he ALJ may disbelieve subjective complaints if there are inconsistencies in the evidence as a whole." *Goff v. Barnhart*, 421 F.3d 785, 792 (8th Cir. 2005). The ALJ may not discount subjective complaints simply because they lack support in the medical record. *Id.* "When rejecting a claimant's complaints of pain, the ALJ must make an express credibility determination, must detail reasons for

discrediting the testimony, must set forth the inconsistencies, and must discuss the *Polaski* factors." *Baker v. Apfel*, 159 F.3d 1140, 1144 (8th Cir. 1998). The Court defers to the ALJ's credibility determination if it is supported by good reasons and substantial evidence. *Turpin v. Colvin*, 750 F.3d 989, 993 (8th Cir. 2014).

The ALJ stated that Gibson's reported limitations and restrictions were "inconsistent with the medical findings." (R. at 65). The ALJ failed to identify these inconsistencies, and the record does not show such inconsistencies.

Gibson testified to holding a custodian position but also testified that she took from six to eight hours to perform the four hour job. (R. at 79–80). She testified that she took numerous breaks in order to get through a shift, (R. at 87). Further, her husband helped her work for two to six hours per week. (R. at 88).

As for other daily activities, Gibson testified that her husband has to help her operate a can opener. (R. at 82). The ALJ noted that Gibson reported preparing simple meal, but she also reported that her husband helps her do so daily. (R. at 274). She also reported that her husband helps her with laundry, dishes, and cleaning. (R. at 274). She testified that numbness in her fingers has caused her to cut herself without realizing it. (R. at 90). She reported that filling out her function report took her three days because of the pain in her hands and that she cannot use her hands for very long. (R. at 276). Her husband corroborated these reports and reported helping with meals and chores. (R. at 237–38).

The ALJ felt that Gibson's daily activities indicated that she could work. (R. at 64). However, the Eighth Circuit has held that light housework and other such activities alone do not support a finding that a claimant can perform full time competitive work. *Baumgarten v. Chater*, 75 F.3d 366, 369 (8th Cir. 1996). "The test is whether the claimant has 'the ability to perform the requisite physical acts day in and day out, in the sometimes competitive and stressful conditions in which real people work in the real world.'" *Draper v. Barnhart*, 425 F.3d 1127, 1131 (8th Cir. 2005) (quoting *McCoy v. Schweiker*, 683 F.2d 1138, 1147 (8th Cir. 1982)(en banc)). Gibson's activities are limited, and she receives much help from her husband. Furthermore, a treating physician noted that Gibson pushes herself further than she should, (R. at 337, 339), and she testified that she works to the point of pain against her doctor's advice in order to support her family. (R. at 86). The record as a whole indicates that Gibson has a supportive spouse more than that she can perform light work.

The ALJ's credibility determination is not supported by good reason and substantial evidence. Additionally, Gibson's reported activities and the medical record do not show that she can stand for the time required to perform light work.

The ALJ also failed to account for limitations resulting from carpal tunnel syndrome. Gibson had numbness and problems gripping items in her hand even

after surgery for carpal tunnel syndrome. (R. at 454, 815, 821). Her problems with grip strength and the use of her hands should have been accounted for in the RFC.

Finally, the ALJ erred in giving significant weight to a consulting physician opinion. "The opinions of doctors who have not examined the claimant ordinarily do not constitute substantial evidence on the record as a whole." *Nevland v. Apfel*, 204 F.3d 853, 858 (8th Cir. 2000). Further, the consulting physician did not examine records from after January 2012. (R. at 453). The consultant had an incomplete record and never examined Gibson.

### III. Conclusion

For the foregoing reasons, the Court finds that the ALJ's decision is not supported by substantial evidence. On remand, the ALJ is instructed to reevaluate Gibson's credibility, to reevaluate Gibson's RFC to include limitations related to her carpal tunnel syndrome, to reevaluate the record while giving proper weight to non-treating physician opinions, and to more fully set out the evidence of Gibson's limitations.

It is so ordered this 1st day of July, 2016.

*[signature: J. Thomas Ray]*
UNITED STATES MAGISTRATE JUDGE